# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0651
Filed April 15, 2026

————————

**Lonnie Kay Milbrath,**
Plaintiff,

v.

**Iowa District Court for Boone County,**
Defendant.

————————

Certiorari from the Iowa District Court for Boone County,
The Honorable Ashley Beisch, Judge.

————————

**WRIT ANNULLED**

————————

Erin Carr of Carr Law Firm, P.L.C., Des Moines, attorney for plaintiff.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney
General, attorneys for defendant.

————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Lonnie Kay Milbrath seeks certiorari relief from her contempt finding for violating a no-contact order (NCO).  She argues there was insufficient evidence that she contacted the victim.  Upon our review, we annul the writ of certiorari.

## BACKGROUND FACTS AND PROCEEDINGS

In February 2020, Milbrath pleaded guilty to first-degree harassment for sending her daughter threatening text messages. Milbrath was granted a deferred judgment and the district court entered a NCO prohibiting Milbrath from contacting her ex-husband and their daughter.  The NCO remained in effect until February 6, 2025.

In January 2025, Milbrath sent her ex-husband a Facebook message. Her ex-husband reported the message to the police.  Investigating officers determined the Facebook page contained the name, personal information, and photographs of Milbrath.  Law enforcement also determined the account was updated in December 2024.  Based on this, investigators filed a criminal complaint alleging Milbrath had violated the NCO.  The district court set a contempt hearing.

At the contempt hearing, Milbrath testified in her own defense.  She claimed her phone was stolen and testified she could not remember the login information for the Facebook account.  She admitted she knew there was a NCO in effect in January 2025.  And she acknowledged the Facebook account was hers but argued she did not send the message.

The district court rejected this argument and found Milbrath guilty of violating of a NCO under Iowa Code section 664A.7(1) (2025).  And the district court imposed a seven-day jail sentence for the violation.  Milbrath

petitioned for a writ of certiorari.  The supreme court granted the writ and transferred the case to us.

## DISCUSSION

Milbrath argues the evidence is insufficient to support the contempt finding.  We generally review certiorari actions for correction of errors at law. *Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 464 (Iowa 2016).  On review of a contempt ruling, this court must determine whether substantial evidence exists that would "convince a rational trier of fact that the alleged contemner is guilty of contempt beyond a reasonable doubt." *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998) (citation omitted).  In reviewing a contempt finding, we examine the evidence "to ensure that proper proof—substantial evidence—supports the judgment of contempt." *Ervin v. Iowa Dist. Ct.,* 495 N.W.2d 742, 744 (Iowa 1993).  Substantial evidence is evidence that could convince a rational trier of fact that the defendant is guilty of contempt beyond a reasonable doubt. *Id.* at 744–45.

A violation of a NCO is subject to contempt proceedings.  Iowa Code § 664A.7.  The party alleging contempt has the burden to prove beyond a reasonable doubt that the alleged contemner willfully failed to perform a duty imposed by a court order. *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007).  Disobedience is willful if one acts intentionally and deliberately with a bad purpose, wantonly and in disregard of another's right, or contrary to a known duty with unconcern as to whether the contemnor had the right. *Id.* Here, the parties do not dispute Milbrath was subject to the NCO, so we confine our review to whether she willfully violated it.

3

Upon our review, we find there is substantial evidence to support the district court's finding that Milbrath willfully violated the NCO.

The protected party received a Facebook message from an account bearing the name and photograph of Milbrath. The message was accepted into evidence, as the State notes, without foundational objection. The investigating officer testified that the profile was recently updated before this incident. And Milbrath acknowledged that the Facebook account belonged to her. Instead, she argued simply that she did not send the message. "It is not our place to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury. ." *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022) (cleaned up). "It is also for the [factfinder] to decide which evidence to accept or reject." *Id.*

Then, Milbrath points to her testimony denying sending the message. And the district court expressly found Milbrath not credible:

> Hearing all of the testimony today, the Court finds that the more credible evidence shows that Ms. Milbrath was the person who sent this message to [her ex-husband]. The Court does not find her testimony credible that it was not her. It is in line with what she had previously contacted the family about. She indicated that this looks like her profile picture and that her account ended in December of 2024, which is the last time this account was actively updated. For those reasons, the Court believes the State has proved beyond a reasonable doubt that Ms. Milbrath is guilty of contempt, violation of a no-contact order, in violation of Iowa Code section 664A.7.

We defer to this credibility finding, given the district court's ability to observe witness demeanor and hear witness testimony. *See Medhaug v. Iowa Dist. Ct.*, No. 09–1027, 2010 WL 2602170, at * 2 (Iowa Ct. App. June 30, 2010). So, viewing the totality of the evidence in the light most favorable to the State,

we find there is substantial evidence that Milbrath willfully violated the NCO.

**WRIT ANNULLED.**